UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:20 CR 137 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| FRANCISCO RAMOS, ) | AND ORDER |
| ) | |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Francisco Ramos' Motion to Correct Unconstitutional Convictions and Unlawful Commitment with Motion to Enforce Constitutional Secured Rights. (ECF #89). Although not labeled as such, Mr. Ramos' motion aticulates claims that can only be legitimately raised pursuant to 28 U.S.C. §2255. Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Government has filed a Response in Opposition to Mr. Ramos' motion, and Mr. Ramos has not filed a timely Reply. (ECF #90).

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Ramos pled guilty to three counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1) and 924(a)(2)(Counts 1,4, and 7); three counts of possession with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(C), (b)(1)(D), and 851 (Counts 2, 3, 6 and 8); and, one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i) (Count 5).

(ECF #36). As part of his written plea agreement, the Government dismissed an additional §924(c) charge: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). (ECF #50). The plea agreement contained a waiver provision in which Mr. Ramos agreed to waive his right to appeal or otherwise collaterally attack his conviction and sentence, except under certain delineated exceptions.

> Defendant acknowledges having been advised by counsel of Defendants rights, in limited circumstances, to appeal his conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge his conviction or sentence collaterally through a post-conviction proceedings, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(ECF #50, PageId 134).

On August 27, 2021, Mr. Ramos was sentenced to 166 months total, including 46 months each for Counts 1-4 and 6-8, to be served concurrently to one another, and an additional 120 months for Count 5, to be served consecutively. (ECF #72). He filed a timely appeal on September 2, 2021, and on September 13, 2022, the Sixth Circuit affirmed this Court's sentence. (ECF # 65, 81, 82). Mr. Ramos did not seek certification by the Supreme Court. His judgment was, therefore, final on December 12, 2022, ninety days after the Court of Appeals judgment was entered. (ECF #81). Mr. Ramos filed the instant motion on December 27, 2024, more than two years after his judgment became final.

2

## ANALYSIS

A. <u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). A conviction "becomes final upon conclusion of direct review." *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)). When a defendant pursues a direct appeal but the conviction is affirmed, "the judgment of conviction becomes final after the ninety-day period to file a petition for writ of certiorari expires." *Id.*

Because he did not seek certiorari from the United States Supreme Court, Mr. Ramos' judgment became final on December 12, 2022, ninety days after the Court of Appeals issued its judgment on his direct appeal. Mr. Ramos has not asserted that subsections two through four

3

apply and there are no facts before the Court that would suggest that any of these circumstances operate to extend Mr. Ramos's filing deadline in this case. To the extent that he relies on the holding in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111(2022), that case did not create any new constitutional rights. *See, Harbin v. United States*, No. 1:20–CR–00802, 2024 WL 757103 at *3-4 (N.D. Ohio Feb. 22, 2024). In addition, to the extent the motion is based on the *Bruen* holding, it remains out of time because it was filed over two years after *Bruen* was decided. Mr. Ramos' time to file a § 2255 claim expired one year after his conviction became final, which was December 12, 2023. He filed his motion on December 27, 2024. Therefore, his claim is time-barred.

B. <u>Waiver</u>

Even if Mr. Ramos' petition had been timely filed, most of his arguments are barred by the waiver contained in his Plea Agreement. "Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) (citing *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). Plea agreements may also waive constitutional or statutory rights that arise after their conviction is final. *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). Mr. Ramos waived the ability to argue constitutional violations through a § 2255 claim, or any other means of collateral attack when he voluntarily consented to a plea agreement with an appeal waiver. He signed his agreement giving up the right to challenge his "conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." (R. 50: Plea Agreement, PageID 134). When he pled guilty, Mr. Ramos agreement was

4

read aloud to him in open court and he acknowledged, verbally and through his signature on the agreement, that he understood all terms and conditions included in the written agreement. He also acknowledged, and the transcript shows, that his acceptance of the plea was knowing and voluntary. He does not allege prosecutorial misconduct, and he was not sentenced above the Guideline Range for the total offense level and criminal history category determined by the Court at his sentencing. Therefore, he is barred from raising any challenge to his conviction and sentence other than a claim of ineffective assistance of counsel.

C. Merits

All of Mr. Ramos' arguments are barred as untimely, and all except his allegation of ineffective assistance of counsel are barred by his waiver. However, even if the Court reviewed these claims on the merits, his arguments would fail. Mr. Ramos argues that his counsel was ineffective for failing to advise him that the government had to prove that not only did he knowingly possess weapons, but that he knew his status as felon when he possessed them. He also argues that 18 U.S.C. §922(g) is an unconstitutional infringement of his Second Amendment Rights. Neither claim is legally supportable.

In order to establish that an attorney's representation was deficient, a petitioner must show that specific acts or omissions of counsel fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). In addition to proving deficiency, Mr. Ramos would have to show that his counsel's errors prejudiced the outcome of his trial. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Counsel is only ineffective under the Constitution if their performance was prejudicial

5

to the defense. *Id.* at 692.

Pursuant to *Rehaif v. United States*, 588 U.S. 225 (2019), in order to prove a violation of 18 U.S.C. §922(g) and 924(a)(2), the government must establish not only knowing possession of the weapon, but that the defendant knew he had been convicted of a qualifying offense. Even if counsel failed to explain the knowledge element in *Rehaif* to the Defendant prior to his plea, Mr. Ramos cannot establish prejudice because as part of the plea agreement he admitted that he wasn't allowed to possess weapons because he was a felon. (ECF #50, PageID 139). Further, Mr. Ramos served three years on a conviction for Trafficking Offenses in violation of O.R.C. 2925.03A(1) with a one year firearm specification, and escape. He does not claim to have been somehow unaware of this conviction or to have lost memory of the time he spent serving that sentence. Whether or not he was specifically aware of the *Rehaif* requirement, there is no legitimate argument that he was unaware of his status as a felon for purposes of 18 U.S.C.§922(g). Therefore, even if counsel were ineffective for not informing him about *Rehaif,* he cannot show any prejudice from this alleged failure.

Mr. Ramos also fails to establish a constitutional claim or other claim for ineffective assistance of counsel based on the *Bruen* holding, or any subsequent case law relating to the constitutionality of felon dis-possession statutes. Chapter 18, Section 922(g)(1) of the United States Code does not violate the United States Constitution. Although §922(g) does restrict the Second Amendment rights of felons, it has long been held that the Constitutional right to bear arms does not preclude the legislature from regulating a felon's ability to possess firearms and ammunition. *See, e.g., Stimmel v. Sessions,* 879 F.3d 198, 203 (6th Cir. 2018); *United States v. Greeno,* 679 F.3d 510, 517 (6th Cir. 2012); *United States v. Carey,* 602 F.3d 738, 741 (6th Cir.

2010). The Sixth Circuit's published opinions are controlling law unless there is "an inconsistent decision from the United States Supreme Court" or an "en banc" Sixth Circuit decision "overrules the prior decision." *Salmi v. Sec'y of Health and Human Services*, 774 F.2d 685, 689 (6th Cir. 1985)(citations omitted); *see also, e.g., United States v. Brown*, 957 F.3d 679, 683-84 (6th Cir. 2020).

The United States Supreme Court has not issued any decision that is inconsistent with the Sixth Circuits' holdings confirming the constitutionality of the felon in possession laws. In fact, the Supreme Court has consistently noted its acceptance of felon in possession laws. In *District of Columbia v. Heller*, the Court specifically stated that "nothing in [that] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." It further described such limitations as "presumptively lawful." 554 U.S. 570, 626 & n. 26 (2008). In *McDonald v. City of Chicago*, the Supreme Court reiterated the assurances made in Heller that prohibitions on the possession of firearms by felons is a lawful restriction on their Second Amendment rights. 561 U.S. 742, 786 (2010)(plurality op.). Finally, *Bruen*, itself restricted its holding to clarifying the scope of the Second Amendment's protections for "ordinary, law-abiding" citizens. The majority of current United States Supreme Court Justices specifically noted that their opinion in *Bruen* did not change the state of the law with regard to the Constitutionality of prohibitions on the possession of firearms by felons. *Bruen* at 2157. Therefore, existing, controlling law provides no basis upon which this Court could find that 28 U.S.C. §922(g)(1) is unconstitutional.

7

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the

8

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion is dismissed as untimely. (ECF #89). Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 18, 2025